1
2
3
4
5
6
7

8          UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10

11   LEWIS J. SATTERFIELD,              )    1:09-cv-00117-LJO-JLT HC
                                        )
12               Petitioner,            )    FINDINGS AND RECOMMENDATION RE:
                                        )    RESPONDENT'S MOTION TO DISMISS
13        v.                            )    THE FIRST AMENDED PETITION (Doc. 13)
                                        )
14                                      )    ORDER DIRECTING OBJECTIONS TO BE
     J. HARDTLY, Warden,                )    FILED WITHIN TWENTY DAYS
15                                      )
                 Respondent.            )    ORDER DENYING PETITIONER'S
16   _____)    MOTION FOR JUDICIAL NOTICE (Doc. 20)

17

18                      **PROCEDURAL HISTORY**

19        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

20   pursuant to 28 U.S.C. § 2254.   The instant federal petition for writ of habeas corpus was filed on

21   January 20, 2009.[1]  Petitioner filed a first amended petition on July 13, 2009.  (Doc. 7).  On

22   _____

23        [1]In Houston v. Lack, the United States Supreme Court held that a pro se habeas petitioner's notice of appeal is
     deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court
24   clerk.  Houston v. Lack, 487 U.S. 166, 276, 108 S.Ct. 2379, 2385 (1988).  The rule is premised on the pro se prisoner's
     mailing of legal documents through the conduit of "prison authorities whom he cannot control and whose interests might be
25   adverse to his."  Miller v. Sumner, 921 F.2d 202, 203 (9th Cir. 1990); see, Houston, 487 U.S. at 271, 108 S.Ct. at 2382.  The
     Ninth Circuit has applied the "mailbox rule" to state and federal petitions in order to calculate the tolling provisions of the
26   AEDPA.  Saffold v. Neland, 250 F.3d 1262, 1268-1269 (9th Cir. 2000), amended May 23, 2001, vacated and remanded on
     other grounds sub nom.  Carey v. Saffold, 536 U.S. 214, 226 (2002).  The date the petition is signed may be considered the
27   earliest possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule.  Jenkins v.
     Johnson, 330 F.3d 1146, 1149 n. 2 (9th cir. 2003).  Accordingly, for all of Petitioner's state petitions and for the instant federal
28   petition, the Court will consider the date of signing of the petition (or the date of signing of the proof of service if no signature

                                    1

1    September 25, 2009, the Court ordered Respondent to file a response to the first amended petition.

2    (Doc. 8).  On November 19, 2009, Respondent filed the instant motion to dismiss the amended

3    petition as untimely.  (Doc. 13).  On January 22, 2010, Petitioner filed his opposition.  (Doc. 18).  On

4    January 29, 2010, Respondent filed a Reply.  (Doc. 19).  On March 12, 2010, Petitioner filed a

5    request for judicial notice of facts, arguing that it cannot be disputed that the only person prejudiced

6    by a delay under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) is Petitioner

7    himself.  (Doc. 20).

8                                          **DISCUSSION**

9             A.  Procedural Grounds for Motion to Dismiss

10            As mentioned, Respondent has filed a Motion to Dismiss the petition as being filed outside

11   the one year limitations period prescribed by Title 28 U.S.C. § 2244(d)(1).  Rule 4 of the Rules

12   Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from

13   the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the

14   district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

15            The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if

16   the motion attacks the pleadings for failing to exhaust state remedies or violating the state's

17   procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to

18   evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d

19   599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state

20   procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same).

21   Thus, a respondent may file a motion to dismiss after the court orders a response, and the Court

22   should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

23            In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s

24   one-year limitation period.  Because Respondent's motion to dismiss is similar in procedural standing

25   to a motion to dismiss for failure to exhaust state remedies or for state procedural default and

26   ─────────────────────────

27   appears on the petition) as the earliest possible filing date and the operative date of filing under the mailbox rule for
     calculating the running of the statute of limitation.  Petitioner did not sign the instant petition nor is there a certificate of
28   service; accordingly, the Court will use the actual filing date of January 20, 2009.

1  Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss

2  pursuant to its authority under Rule 4.

3         B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

4         On April 24, 1996, Congress enacted the AEDPA.  The AEDPA imposes various

5  requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  Lindh v.

6  Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir.

7  1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).  The instant petition was filed on January 20,

8  2009, and thus, it is subject to the provisions of the AEDPA.

9         The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal

10  petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d)

11  reads:

12         (1)  A 1-year period of limitation shall apply to an application for a writ of habeas
       corpus by a person in custody pursuant to the judgment of a State court.  The
13         limitation period shall run from the latest of –

14         (A) the date on which the judgment became final by the conclusion of direct
       review or the expiration of the time for seeking such review;
15

16         (B) the date on which the impediment to filing an application created by
       State action in violation of the Constitution or laws of the United States is removed, if
       the applicant was prevented from filing by such State action;
17

18         (C) the date on which the constitutional right asserted was initially recognized by
       the Supreme Court, if the right has been newly recognized by the Supreme Court and made
       retroactively applicable to cases on collateral review; or
19

20         (D) the date on which the factual predicate of the claim or claims presented
       could have been discovered through the exercise of due diligence.

21         (2) The time during which a properly filed application for State post-conviction or
       other collateral review with respect to the pertinent judgment or claim is pending shall
22         not be counted toward any period of limitation under this subsection.

23  28 U.S.C. § 2244(d).  The AEDPA's one-year statute of limitations, as embodied in § 2244(d)(1),

24  applies to habeas petitions challenging an administrative decision in the context of a parole board

25  determination.  Shelby v. Bartlett, 391 F.3d 1061, 1063 (9th Cir. 2004); see Redd v. McGrath, 343

26  F.3d 1077, 1080 n. 4 (9th Cir. 2003).  Under subsection (d), the limitation period begins to run on

27  "the date on which the factual predicate of the claim or claims presented could have been discovered

28  through the exercise of due diligence."  In the context of a parole board decision, the factual basis is

1    the parole board's denial of a petitioner's administrative appeal.  <u>Shelby</u>, 391 F.3d at 1066; <u>Redd</u>,

2    343 F.3d at 1082-1083.  Thus, the statute of limitations begins to run the day following a petitioner's

3    notification of the parole board's decision.  <u>Id</u>.  Where the date Petitioner received notice of the

4    parole board's hearing is not part of the record,  <u>Shelby</u> rejected the notion that remand for an

5    evidentiary hearing was required to determine the date on which a petitioner found out about the

6    hearing, apparently establishing instead a presumption that an inmate will in fact receive notice on

7    the day the denial is issued, and that date will be used to calculate the statute of limitations unless the

8    petitioner rebuts that presumption:

9          "Here, as in <u>Redd</u>, Shelby does not dispute that he received timely notice of the denial of his
      administrative appeal on July 12, 2001, and he offers no evidence to the contrary.  Therefore,
10         the limitation period began running the next day."

11   <u>Shelby</u>, 391 F.3d at 1066.

12         In this case, Petitioner is challenging a decision of the Board of Parole Hearings ("BPH")

13   following a hearing that took place on April 4, 2007.  (Doc. 1, Ex. 3).  Petitioner was present at that

14   hearing, and therefore had actual knowledge of the BPH's decision on April 4, 2007.  Therefore, the

15   one-year period would have commenced the following date, i.e., April 5, 2007, and would have

16   ended one year later, i.e., on April 4, 2008, absent either statutory or equitable tolling.

17         As mentioned, the instant petition was filed on January 20, 2009, almost two years after the

18   date the one-year period would have expired.  Thus, unless Petitioner is entitled to either statutory or

19   equitable tolling, the instant petition is untimely and should be dismissed.

20         <u>C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)</u>

21         Under the AEDPA, the statute of limitations is tolled during the time that a  properly filed

22   application for state post-conviction or other collateral review is pending in state court.  28 U.S.C.

23   § 2244(d)(2).  A properly filed application is one that complies with the applicable laws and rules

24   governing filings, including the form of the application and time limitations.  <u>Artuz v. Bennett</u>, 531

25   U.S. 4, 8, 121 S. Ct. 361 (2000).  An application is pending during the time that 'a California

26   petitioner completes a full round of [state] collateral review," so long as there is no unreasonable

27   delay in the intervals between a lower court decision and the filing of a petition in a higher court.

28   <u>Delhomme v. Ramirez</u>, 340 F. 3d 817, 819 (9th Cir. 2003), <u>abrogated on other grounds as recognized</u>

4

1    by Waldrip v. Hall, 548 F. 3d 729 (9th Cir. 2008)(per curium)(internal quotation marks and citations

2    omitted); see Evans v. Chavis,  546 U.S. 189, 193-194, 126 S. Ct. 846 (2006); see Carey v. Saffold,

3    536 U.S. 214, 220, 222-226, 122 S. Ct. 2134 (2002); see also, Nino v. Galaza, 183 F.3d 1003, 1006

4    (9th Cir. 1999).

5            Nevertheless, there are circumstances and periods of time when no statutory tolling is

6    allowed.  For example, no statutory tolling is allowed for the period of time between finality of an

7    appeal and the filing of an application for post-conviction or other collateral review in state court,

8    because no state court application is "pending" during that time.  Nino, 183 F.3d at 1006-1007.

9    Similarly, no statutory tolling is allowed for the period between finality of an appeal and the filing of

10   a federal petition.  Id. at 1007.   In addition, the limitation period is not tolled during the time that a

11   federal habeas petition is pending.  Duncan v. Walker, 563 U.S. 167, 181-182, 121 S.Ct. 2120

12   (2001); see also, Fail v. Hubbard, 315 F. 3d 1059, 1060 (9th Cir. 2001)(as amended on December 16,

13   2002).  Further, a petitioner is not entitled to statutory tolling where the limitation period has already

14   run prior to filing a state habeas petition.  Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003)

15   ("section 2244(d) does not permit the re-initiation of the limitations period that has ended before the

16   state petition was filed.");  Jiminez v. White, 276 F. 3d 478, 482 (9th Cir. 2001).  Finally, a petitioner

17   is not entitled to continuous tolling when the petitioner's later petition raises unrelated claims.  See

18   Gaston v. Palmer, 447 F.3d 1165, 1166 (9th Cir. 2006).

19           The documents submitted with Respondent's motion to dismiss establish that Petitioner filed

20   the following state habeas petitions related to the BPH's 2007 decision: (1) filed in the San

21   Bernardino County Superior Court on November 1, 2007 and denied on November 21, 2007 (Doc.

22   13, Ex. 1); (2) filed in the California Court of Appeal on December 27, 2007 and denied on January

23   11, 2008 (Id., Ex. 2); (3) filed in the San Bernardino County Superior Court on April 2, 2008 and

24   denied on April 10, 2008 (Id., Ex. 3); filed in the California Court of Appeal on May 13, 2008 and

25   denied on May 21, 2008 (Id., Ex. 4); and (5) filed in the California Supreme Court on May 30, 2008

26   and denied on August 13, 2008.  (Id., Ex. 5).

27           As mentioned, the one-year period commenced on April 5, 2007 and continued to run until

28   Petitioner filed his first state habeas petition on November 7, 2007, a period of 216 days.  Thus, at

5

1    that time, Petitioner had 149 days remaining on the one-year period.  After Petitioner's last state

2    petition was denied on August 13, 2008, the one-year period re-commenced the following day, i.e.,

3    on August 14, 2008, and continued to run until the remaining 149 days expired on January 10, 2009,

4    approximately ten days before Petitioner filed the instant petition.

5          Thus, even assuming, arguendo, that all of Petitioner's state petitions and the intervals

6    between them were entitled to statutory tolling, the petition would be untimely.  However, as

7    Respondent correctly maintains, Petitioner is not entitled to statutory tolling for the entire period

8    from the filing of the first petition until the denial of the last petition.

9          Under the AEDPA, there is no statutory tolling for the period between sets or "rounds" of

10   state habeas petitions.  Biggs v. Duncan, 339 F.3d 1045 (9th Cir. 2003)(no tolling once California

11   Supreme Court denied review); see also Smith v. Duncan, 297 F.3d 809 (9th Cir. 2002)(no tolling

12   during gap between first set of state petitions and second).  In Delhomme v. Ramirez, 340 F.3d 817,

13   820 (9th Cir. 2003), the Ninth Circuit held that a petitioner begins a separate round of review "each

14   time [he] files a new habeas petition *at the same or a lower level*" of the state court system.  See also

15   Nino, 183 F.3d at 1006-1007 (intervals tolled between state court's disposition of a state habeas

16   petition and the filing of "a petition at the next state appellate level.")(emphasis supplied).

17         Moreover, statutory tolling is inapplicable to periods between successive petitions that do not

18   form part of a progressive series from the Superior Court, to the Court of Appeal, to the California

19   Supreme Court.  See Dils v. Small, 260 F.3d 984 (9th Cir. 2001)(statute of limitation not tolled

20   during interval between successive state habeas petitions filed to the state's highest court); see also

21   Nino, 183 F.3d at 1006-1007 (intervals tolled between state court's disposition of a state habeas

22   petition and the filing of "a petition at the next state appellate level."); Saffold v. Newland, 250 F.3d

23   1262 (9th Cir. 2000).

24         Here, assuming, without deciding, that Petitioner was entitled to statutory tolling for the first

25   and second petitions and the interval separating them, his third petition was not filed in the "next

26   state appellate level," which would have been the California Supreme Court.  Instead, Petitioner

27   returned to the Superior Court, thus commencing a new "round" of filings.  Hence, he is not entitled

28   to the interval between the denial of the second petition and the filing of the third petition, a period

1    of 82 days.  Thus, at this point in the analysis, the petition would now be 92 days late.

2         Respondent then contends that Petitioner is not entitled to additional statutory tolling for the

3    fourth petition because it was successive to the second petition, also filed in the California Court of

4    Appeal.  The Court agrees.  Petitioner is not entitled to interval tolling for the period between

5    successive petitions.  Thus, he cannot be credited with the period between the denial of the third

6    petition and the filing of the fourth one, a period of 32 days.[2]  Added to the prior 92 days, this would

7    make the petition untimely by 124 days.[3]  Thus, unless Petitioner is entitled to equitable tolling

8    sufficient to compensate for those 124 days, the petition is untimely and should be dismissed.

9         In his motion for judicial notice, Petitioner apparently requests that the Court take judicial

10   notice of the fact that the only person who would be prejudiced by Petitioner's late filing of the

11   petition is Petitioner himself, since he is already serving a life sentence and therefore any delay

12   merely postpones a potential parole date for Petitioner.  While Petitioner's logic is novel, it is

13   ultimately unpersuasive.  The AEDPA has no provision for the Court's own exercise of its own

14   discretion in providing relief from the operation of the one-year limitation period.  The "exceptions"

15   to the one-year limitation period, i.e., statutory and equitable tolling, are clearly set forth in the

16   discussion supra.  No other exceptions exist.  From that discussion, it is patent that the petition is

17   untimely.  There is nothing in those provisions permitting the Court to weigh competing prejudice

18   from an untimely petition to thereby excuse a tardily filed petition.  Accordingly, the Court will deny

19   Petitioner's motion for judicial notice and recommend that the amended petition be dismissed.

20        D.  Equitable Tolling

21        The limitation period is subject to equitable tolling when "extraordinary circumstances

22

23   _____

24        [2]The Court has already disallowed interval tolling between the denial of the second petition and the filing of the third petition.

25        [3]Respondent apparently contends that when a petition is not filed at the next higher appellate level, or when a
     successive petition is filed at the same level, the petitioner is not only divested of statutory tolling for the interval separating

26   those filings, but also for the pendency of the petitions themselves.  (Doc. 13, pp. 5-6).  The Court does not read the cases
     to deny statutory tolling for the pendency of "properly filed" petitions, even if they are not filed at the next higher appellate

27   level.  However, the cases clearly disallow interval tolling in such instances.  Here, the divergent views of Respondent and
     the Court regarding pendency tolling is not determinative since, under either analysis, the petition is untimely and must be

28   dismissed.

1    beyond a prisoner's control make it impossible to file the petition on time." Shannon v. Newland,

2    410 F. 3d 1083, 1089-1090 (9th Cir. 2005)(internal quotation marks and citations omitted). "When

3    external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely

4    claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d

5    1104, 1107 (9th Cir. 1999). "Generally, a litigant seeking equitable tolling bears the burden of

6    establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some

7    extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct.

8    1807 (2005). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest

9    the exceptions swallow the rule." Miranda v. Castro, 292 F. 3d 1062, 1066 (9th Cir. 2002)(citation

10   omitted). As a consequence, "equitable tolling is unavailable in most cases." Miles, 187 F. 3d at

11   1107.

12        Here, Petitioner contends in his opposition that medical disabilities entitle him to equitable

13   tolling. Specifically, Petitioner maintains that on July 15, 2007, he suffered a stroke that was

14   original mis-diagnosed by health care personnel and that it was not until July 17, 2009 that the

15   condition was "formally diagnosed." (Doc. 18, p. 4). Petitioner also contends that he suffered a

16   "knowledge deficit," slurred speech, a weak left hand, and decreased response in his left leg as a

17   result. (Id.). Additionally, Petitioner maintains that he underwent spinal surgery for a herniated disk

18   on February 5, 2008 and wore a cervical collar for ten weeks while "re-teach[ing] himself to walk,

19   write, and regrow neural pathways around the damaged areas of the brain." (Id.).

20        Apparently, Petitioner is contending that he is entitled to equitable tolling because these

21   severe medical conditions constituted extraordinary circumstances beyond his control that prevented

22   him from timely filing his petition. The flaw in Petitioner's reasoning is that he has provided no

23   evidence, apart from the mere existence of these medical conditions themselves, that they were the

24   "but for" cause for filing a late petition. Indeed, Petitioner provides no evidence whatever regarding

25   whether or how those medical circumstances prohibited him from filing his federal petition in a

26   timely manner. As Respondent correctly notes, Petitioner was apparently able to file all five of his

27   state petitions during this period of purported disability.

28        Furthermore, as discussed above, Petitioner's problem ultimately was in waiting too long to

8

1  initiate the state habeas process in the first place, and then waiting too long after that process

2  concluded to file his federal petition.  As mentioned, those two periods alone exceeded the 365 days

3  permitted by the AEDPA.  In other words, even if Petitioner had properly filed <u>all</u> of his petitions in

4  the correct state courts, the instant petition would still be untimely.  Petitioner provides no

5  explanation for how the medical conditions described in his opposition precluded him from timely

6  filing his federal petition but permitted him to properly file five state petitions during the same time

7  period.  Accordingly, the Court concludes that Petitioner is not entitled to equitable tolling.  Thus,

8  the petition is untimely and should be dismissed.

9                                            **<u>ORDER</u>**

10         For the foregoing reasons, the Court HEREBY ORDERS as follows:

11         1.  Petitioner's motion for judicial notice of facts (Doc. 20), is DENIED.

12                                    **<u>RECOMMENDATION</u>**

13         Accordingly, the Court HEREBY RECOMMENDS that Respondent's motion to dismiss

14  (Doc. 13), be GRANTED and the first amended habeas corpus petition (Doc. 7), be DISMISSED for

15  Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period.

16         This Findings and Recommendation is submitted to the United States District Court Judge

17  assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of

18  the Local Rules of Practice for the United States District Court, Eastern District of California.

19  Within twenty (20) days after being served with a copy, any party may file written objections with

20  the court and serve a copy on all parties.  Such a document should be captioned "Objections to

21  Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and

22  filed within fourteen (14) days (plus three days if served by mail) after service of the objections.  The

23  Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The

24  parties are advised that failure to file objections within the specified time may waive the right to

25  appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

26         IT IS SO ORDERED.

27  Dated:  __June 3, 2010__                          __/s/ Jennifer L. Thurston__
                                            UNITED STATES MAGISTRATE JUDGE
28